**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**CALVIN SIMMONS**,

                              Plaintiff,

v.

**NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY**,

                             Defendant.

**DECISION AND ORDER**
1:17-CV-01076-RJA

---

## INTRODUCTION

Plaintiff Calvin Simmons ("Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of a final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied his application for Supplemental Security Income under Title XVI of the Act. (Dkt. 1). The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g) and 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Dkts. 14 and 19). The Court assumes the parties' close familiarity with the procedural history, administrative record, and all issues before the Court. The Court has carefully considered the entire record, and for the reasons set forth below, the Court **GRANTS** the Commissioner's motion for judgment on the pleadings and **DENIES** Plaintiff's motion for judgment on the pleadings.

## DISCUSSION

This Court reviews the record to determine whether the Commissioner applied the correct legal standard and whether substantial evidence supports the Commissioner's final decision. 42 U.S.C. § 405(g). Plaintiff argues that the ALJ erred by not properly considering Plaintiff's subjective complaints of limitations and erred in considering the medical evidence in assessing his residual functional capacity ("RFC") for medium

exertional level work. (Dkt. 14 at 6-8). The Court finds Plaintiff's arguments are without merit.

Plaintiff, a seasonal painter with a high school education, was 56 years old at the time of his April 2014 application for disability benefits. (Tr. 34). Plaintiff alleges disability beginning on December 1, 2012 for high blood pressure, ulcers, left dropped heel, and depression.[1] (Tr. 23, 184-89, 218). However, the ALJ found that Plaintiff had severe impairments of degenerative disc disease of the neck and back, and found Plaintiff had the residual functional capacity to perform medium work as defined in 20 C.F.R. § 416.967(c), except he can frequently climb ramps and stairs; occasionally kneel, crouch and crawl; occasionally climb ladders, ropes and scaffolds; no work at unprotected heights and can frequently reach, handle and finger. (Tr. 25, 29).

*Plaintiff's argument that the ALJ erred in not properly considering his subjective complaints when formulating the RFC*

Plaintiff first argues that the ALJ erred in not properly considering Plaintiff's subjective complaints when formulating the RFC. The ALJ found that Plaintiff's statements concerning the intensity, persistence, and limited effects of his symptoms were not entirely consistent with the evidence in the record. The Court agrees.

The ALJ must consider a claimant's self-reporting of pain and other functional limitations but must also evaluate other factors that are relevant to a plaintiff's symptoms. 20 C.F.R. § 416.929(c). Specifically, the ALJ may consider activities of daily living, duration and intensity of symptoms, type and effectiveness of medication, and other relevant evidence. 20 C.F.R. § 416.929(c)(3)(i)-(vii).

Here, the record is indicative of some functional limitations; however, the record also shows that Plaintiff's limitations were not as severe as he contends, and not so restrictive as to render Plaintiff unable to work altogether. The ALJ noted that Plaintiff indicated he has pain with any activity and that he has pain all the time, but at different levels, depending on what he does. (Tr. 30). Yet, the ALJ also discussed the fact that Plaintiff worked as a painter during the period he alleges disability, albeit not at the level

---

[1] Plaintiff does not argue high blood pressure, ulcers, or dropped left heel are severe impairments in his brief; consequently, the Court declines to address these impairments.

2

of substantial gainful activity. (Tr. 33, 389, 441). He also reportedly received unemployment benefits—a benefit which requires the claimant to certify that he is ready, willing, and *able* to work—during the period when he also alleges he is *unable* to work. (Tr. 112). This suggests that Plaintiff had the capability to perform work at an even higher exertion level (medium level work without limitations) than what the ALJ had ultimately determined Plaintiff could do (medium level work with additional limitations), which directly contradicts Plaintiff's assertion that "he is indeed disabled, and unable to do *any* substantial gainful activity." (Dkt. 14 at 1) (emphasis added). The Court notes that Plaintiff had normal or only mildly abnormal clinical findings regarding his strength, range of motion, and neurological findings. (Tr. 31-32, 286, 344, 398-99, 423, 477, 482, 485). Plaintiff cooked, shopped, cleaned, attended church, went out for dinner, tended to his lawn and shoveled snow. (Tr. 29, 31, 33, 74-77, 97, 100, 114). Plaintiff had mostly conservative treatment for the pain he experienced in his neck and back, such as using a heating pad and rubbing creams. (Tr. 30, 430-31). Dr. Siddiqui also assessed Plaintiff to have either no limitations or mild limitations across all areas of physical and mental functionality. (Tr. 345-46).

Related to Plaintiff's alleged mental health impairments, he only alleged depression in his application for disability—not stress or anxiety. (Tr. 184-89, 218). The ALJ need not evaluate these impairments if not alleged in the application for benefits. *See Chiaravalle v. Astrue*, No. 11-CV-597S, 2012 WL 3860797, at *5 (W.D.N.Y. Sept. 5, 2012) (no error committed by ALJ when he did not find ADHD to be a severe impairment because the plaintiff did not allege ADHD contributed to his disability). Plaintiff also denied, multiple times, feeling depressed during his mental health examinations or it was noted that his depressive symptoms had resolved. (Tr. 306, 347, 438, 441, 450, 457, 463).

Plaintiff alleges that he suffers from a "cyclical stress-related" mental impairment made worse by nearly becoming homeless, financial stressors, and a breakup with his girlfriend. (Dkt. 14 at 7). While a finding of disability is not precluded when a claimant exhibits mental impairment due to situational stressors, there is no evidence in the record to support a finding that his depression "did last or is expected to last for a continuous

3

period of at least 12 months." (Tr. 284, 347); *see* 20 C.F.R. § 416.909. In terms of severity, Plaintiff admitted that he does not have a history of mental health treatment, and he and his doctor agreed that medication was not needed to address his symptoms. (Tr. 28, 203, 345, 399, 438, 458, 463, 482). Further, Drs. Gray, Santarpia, and Straussner all indicated that Plaintiff's depression did not interfere with his ability to function. (Tr. 306, 345, 399, 438, 458, 463, 482). Plaintiff also had mostly normal mental health assessments; indeed, he admitted that he experienced a "normal" amount of anxiety and had the ability to handle stress. (Tr. 233, 236). "[W]here the ALJ's decision to discredit a claimant's subjective complaints is supported by substantial evidence, [the reviewing courts] must defer to his findings." *Calabrese v. Astrue*, 358 Fed. App'x. 274, 277 (2d Cir. 2009). Therefore, based on the record, the Court finds that the ALJ properly considered Plaintiff's subjective complaints and that the ALJ's decision is based on substantial evidence.

*Plaintiff's argument that the ALJ erred in assessing the evidence to determine the RFC*

Plaintiff also argues that the ALJ erred in relying solely on Dr. Siddiqui's opinion regarding limitations on lifting and carrying and that the ALJ relied on his own lay opinion to find that Plaintiff could reach, handle, and finger frequently. (Dkt. 14 at 7). This argument is without merit.

The ALJ's RFC finding need "not perfectly correspond with any of the opinions of medical sources cited in his decision," and the ALJ is "entitled to weigh *all* of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Ortiz v. Colvin*, 298 F.Supp.3d 581, 587 (W.D.N.Y. 2018) (citing *Matta v. Astrue*, 508 Fed.App'x. 53, 56 (2d Cir. 2013) (summary order) (emphasis added).

The ALJ considered evidence other than the opinion of Dr. Siddiqui when formulating Plaintiff's RFC when he limited Plaintiff to only medium work. In support of this finding, the ALJ considered several of Plaintiff's follow-up visits for his spine, noting that Plaintiff had straightening of the cervical lordosis, minimal multilevel facet arthrosis and minimal multilevel discogenic disease in April of 2015 (Tr. 32), but also noted in October of 2016 tenderness over the spine and paraspinal region, limited range of motion, associated tenderness from the C4 through C7 segments of the cervical vertebral column

and from L4 through S1 of the lumber column. *Id.* The ALJ noted other clinically significant findings, apart from Dr. Siddiqui's opinion, for limitations related to the spine. *See id.*

Related to Plaintiff's ability to frequently reach, handle, and finger, the Court finds that the ALJ did not rely on his lay opinion to make this determination. There is ample evidence in the record to support the ALJ's finding. For example, Dr. Siddiqui tested Plaintiff for grip strength and range of motion and found that Plaintiff had full strength in his hands and normal range of motion in his fingers, shoulders, cervical spine, and lumbar spine. (Tr. 345). Plaintiff's VA physicians found strong grip, full range of motion in his shoulders, and normal finger dexterity as well. (Tr. 395, 443, 453). Plaintiff's activities of daily living also support the ALJ's determination. For example, and as discussed above, Plaintiff indicated he could shovel snow, clean the house, and do lawn work.

To the extent that Plaintiff argues that his condition worsened over time and that this is evidenced by the fact that he was later granted disability benefits on September 6, 2017—only seven months after the ALJ's instant decision dated February 28, 2017—those benefits were granted as a result of a different application for a different relevant period of disability that is not before this Court. *See Skipper v. Comm'r of Soc. Sec.*, No.17-CV-83, 2019 WL 2088673, at *5 n.4 (W.D.N.Y. May 13, 2019) (citing *Caron v. Colvin*, 600 Fed.App'x 43, 44 (2d Cir. 2015) (summary order) ("a subsequent disability finding 'is not itself evidence of disability but, rather, a conclusion based on evidence. . . . two ALJs may permissibly reach different conclusions, even on the same record,' and such divergence 'is not probative of anything.'").

## CONCLUSION

Based on the foregoing, the Commissioner's motion for judgment on the pleadings (Dkt. 19) is granted. Plaintiff's motion for judgment on the pleadings (Dkt. 14) is denied. The Clerk of the Court is directed to close this matter.

**IT IS SO ORDERED.**

        *s/Richard J. Arcara*
        **HONORABLE RICHARD J. ARCARA**
        **UNITED STATES DISTRICT COURT**

**Dated:** June 10, 2019